107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James W. ROGERS, Appellant,
v.
Marion S. BARRY, Jr., Mayor, District of Columbia, et al., Appellees.
 No. 95-7124.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 28, 1997.
 
 Before: GINSBURG, SENTELLE, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed May 3, 1995, be affirmed. Appellant's claim that the Parole Board denied him due process in rescinding its grant of parole was barred by res judicata, as the District of Columbia Court of Appeals decided that issue against him in affirming the denial of his habeas corpus petitions filed in the D.C. Superior Court. See Allen v. McCurry, 449 U.S. 90, 103-04 (1980) (issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent section 1983 action as they enjoy in the state where the judgment was rendered). Even were appellant's parole claim not barred by res judicata, it would be foreclosed by Ellis v. District of Columbia, 84 F.3d 1413 (D.C.Cir.1996) (District of Columbia parole regulations do not create in D.C. prisoners a constitutionally protected liberty interest in parole); Jago v. Van Curen, 454 U.S. 14 (1981) (decision to rescind parole not subject to due process protection where parole regulations do not give rise to a constitutionally protected liberty interest in parole).
 
 
 3
 Furthermore, the Department of Corrections did not violate appellant's due process rights in declining to count the eight-month period during which he was on escape as time served under his sentence without granting him a hearing. Assuming this claim was cognizable under 42 U.S.C. § 1983, it nonetheless failed to state a claim upon which relief could be granted. Appellant failed to identify any constitutional, statutory, or regulatory provision creating in him a right to have the time he was on escape counted as time served under his sentence or forbidding the Department of Corrections from treating it as inoperative. Thus, appellant was not entitled to due process when the Department of Corrections extended the time remaining on his sentence by the amount of time he spent on escape. The result is no different, moreover, if the court construes this claim as contesting the denial of good time credits without a hearing. Under the plain language of D.C. Code Ann. §§ 24-428 and 24-431, appellant was ineligible for and thus did not earn good time credits while on escape, because during that period he was not in conformity with the Department of Corrections' institutional rules and was not in custody or on parole. Because appellant did not earn good time credit while on escape, the decision to treat his escape time as inoperative did not involve forfeiture or withholding of good time credits and thus did not implicate the hearing requirement of D.C. Code Ann. § 24-432.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 Per Curiam